**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MOBILE PHYSICIAN SERVICES INC.,**

    **Movant,**

**v.**

Case No. 8:23-MC-22-TPB-UAM

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

### MOBILE PHYSICIAN SERVICES' UNOPPOSED
### MOTION FOR PROTECTIVE ORDER

Mobile Physician Services (MPS), consistent with Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), moves for entry of a protective order. MPS is prepared to produce nearly 1,000,000[1] pages of electronic records responsive to the government's Civil Investigative Demand (CID). Given the quantity of items MPS has produced and will produce, a substantial danger exists that MPS might inadvertently produce privileged materials. As a result, good cause exists for the Court to enter a protective order finding that the inadvertent disclosure of privileged materials is not a waiver of that privilege.

### Background

The United States served the CID on MPS on October 19, 2022. The government issued the CID under the False Claims Act (FCA), 31 U.S.C. §§ 3729–

---

[1] According to the third-party vendor preparing the production, this figure is before de-duplication.



3733 "in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729." Since the government served the CID, MPS has performed six rolling productions of items responsive to the CID, totaling 191,475 pages of documents.

The bulk of the remaining production contains approximately one million pages of electronic data before de-duplication. To avoid any delay that a detailed, line-item privilege review would cause, MPS requests that the Court enter a protective or non-waiver order before producing the responsive items in its possession.

### Memorandum of Law

Federal Rule of Civil Procedure 26(c)(1) allows any party from whom discovery is sought to move for a protective order.[2] The Court may, for good cause, enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and forbid "the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "Good cause" means that a sound basis or legitimate need exists to take judicial action. *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355–56 (11th Cir. 1987). Further, Federal Rule of Evidence 502(d) states that a court "may order that the privilege or protection is not waived by disclosure connected with the litigation

---

[2] MPS does not challenge the United States' ability to serve the CID pursuant to its investigative powers under the FCA. The government's FCA investigation establishes the Court's jurisdiction to enter the protective order. *See* 28 U.S.C. § 1331; *see also United States ex rel. Stewart. v. La. Clinic*, No. Civ.A. 99-1767, 2002 WL 31819130, at *2 (E.D. La. Dec. 12, 2002). Further, venue is proper because MPS is located in the Middle District of Florida. *See* 28 U.S.C. § 1391(b).

pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."

The Court should issue a protective order in this case because of the potential inadvertent disclosure of privileged material in MPS's comprehensive forthcoming production. Throughout the period pertinent to the CID's document requests (January 1, 2015, through October 19, 2022), MPS engaged multiple law firms and attorneys for various legal matters. As a result, MPS faces a dilemma: it must either (a) scrutinize nearly one million pages of electronic records to eliminate privileged items, causing unnecessary cost to MPS and delay to the government's inquiry; or (b) provide the remaining documents under the safeguard of a non-waiver order finding that any inadvertent disclosure does not waive any privileged material.

A sound basis or legitimate need exists for a protective order to ensure that MPS does not undertake undue expense, the government's investigation is not unduly delayed, and MPS's privileged materials are not inadvertently waived. *See WorldVentures Holdings LLC v. Mavie*, No. 8:18-MC-110-T-30AAS, 2019 WL 13249100, at *5 (M.D. Fla. Mar. 15, 2019) (entering protective order in miscellaneous action to protect against disclosure of trade-secret information); *United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 28 (D.D.C. 2002) (entering protective order in FCA action). Thus, MPS asks that the Court enter a protective order.

## Conclusion

Good cause exists for the Court to enter a protective order finding that MPS' inadvertent disclosure of privileged material as part of its forthcoming production to

3

the government's CID does not constitute a waiver of that privileged material. Therefore, MPS respectfully asks that the Court grant this motion for protective order and endorse the Non-Waiver Order attached as Exhibit A.

Respectfully submitted,

/s/ Eddie Suarez
Eddie Suarez
Florida Bar No. 752540
THE SUAREZ LAW FIRM, P.A.
1011 West Cleveland Street
Tampa, FL 33606
Telephone: (813) 229-0040
Facsimile: (813) 229-0041
esuarez@suarezlawfirm.com

/s/ Diego M. Pestana
Diego M. Pestana
Florida Bar No. 1004436
THE SUAREZ LAW FIRM, P.A.
1011 West Cleveland Street
Tampa, FL 33606
Telephone: (813) 229-0040
Facsimile: (813) 229-0041
dpestana@suarezlawfirm.com

## CERTIFICATE UNDER LOCAL RULE 3.01(g)

Counsel for MPS has conferred with the government and represents to the Court that the government consents to the relief sought.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2023, a copy of this document was filed in person with the Clerk's Office. Notice of this filing will be sent via email to counsel for the government DOJ Trial Attorney Joanna G. Persio (Joanna.G.Persio@usdoj.gov) and Assistant United States Attorney Carolyn B. Tapie (Carolyn.B.Tapie@usdoj.gov). Parties may also access this filing through the Court's electronic filing system once uploaded by the Clerk's Office.

*/s/ Diego M. Pestana*
Diego M. Pestana